**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ISABELLA DIENES,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.; FACEBOOK HOLDINGS, LLC; FACEBOOK OPERATIONS, LLC; FACEBOOK PAYMENTS, INC.; FACEBOOK TECHNOLOGIES, LLC; INSTAGRAM, LLC; SICULUS, INC.,<br><br>Defendants. | Civil Action No. 2:22-cv-01166 |

**<u>JOINT MOTION TO STAY ALL DEADLINES PENDING DECISION OF JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON MOTION TO TRANSFER</u>**

Plaintiff Isabella Dienes and Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. (collectively, "Meta," and, together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby move the Court to stay all proceedings in the above-titled case, pursuant to Federal Rule of Civil Procedure 6, pending a transfer decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), and state the following in support of the motion:

1. On August 1, 2022, Plaintiff Brianna Murden, who is the plaintiff in *Murden v. Meta Platforms, Inc., et al.*, No. 3:22-cv-01511 (S.D. Ill.), filed a motion with the MDL Panel (a) seeking to coordinate or consolidate 28 other actions similar to this action and (b) asking the MDL Panel to transfer the centralized cases to the Northern District of Illinois or the Western

District of Missouri pursuant to 28 U.S.C. § 1407. *See* Mot. for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 (J.P.M.L.) (the "MDL Transfer Motion") (attached as Exhibit A).

2. The MDL Panel has ordered that responses to the MDL Transfer Motion shall be filed by August 30, 2022, and that replies shall be filed by September 6, 2022. Order, *In re Social Media*, MDL No. 3047, ECF No. 26. The MDL Panel set a hearing date of September 29, 2022 to consider the MDL Transfer Motion. Order, *In re Social Media*, MDL No. 3047, ECF No. 6.

3. Counsel for Plaintiff Isabella Dienes has designated this case as a related action for potential inclusion in any coordinated proceeding created by the MDL Panel (*see In re: Social Media*, MDL No. 3047, ECF No. 12-1 at 2), and for this reason, the parties agree that all activity and deadlines in this case should be stayed pending the MDL Panel's decision. A stay would promote judicial economy by avoiding the possibility of duplicative litigation, and the Parties agree that no party would be prejudiced by the issuance of a stay.

4. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "has discretion to stay proceedings pending a decision by the [MDL] Panel regarding transfer." Charles A. Wright & Arthur R. Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 (3d ed.).

5. Courts frequently stay proceedings where, as here, a case is in its early stages and a decision from the MDL Panel on a motion to transfer is pending. *See, e.g.*, *Smith v. Life Invs. Ins. Co. of Am.*, No. 207-CV-681, 2008 WL 2222325, at *1 (W.D. Pa. May 29, 2008); *see also* Wright & Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 n.16 (collecting cases).

6. Stays have already been entered in other actions pending resolution of the MDL Transfer Motion. *See* Order, *Rodriguez v. Meta Platforms, Inc.*, No. 3:22-cv-00401 (N.D. Cal. Aug. 2, 2022), ECF No. 100 ("In light of the JPML proceedings, MDL No. 3047, the case is stayed pending further order."); Order, *Heffner v. Meta Platforms, Inc.*, No. 3:22-cv-03849 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Aranda v. Meta Platforms, Inc.*, No. 3:22-cv-04209 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Guerrero v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00750 (D. Del. Aug. 5, 2022), ECF No. 15 (same); Order, *Waddell v. Meta Platforms, Inc. et al.*, No. 2:22-cv-00112 (N.D. Ga. Aug. 5, 2022), ECF No. 32 (same); Order, *Charles v. Meta Platforms, Inc. et al.*, No. 1:22-cv-21721 (S.D. Fla. Aug. 8, 2022), ECF No. 21 (same); Order, *Carter v. Meta Platforms, Inc. et al.*, 3:22-cv-01343 (N.D. Tex. Aug. 8, 2022), ECF No. 11 (same); Order, *Tanton v. Meta Platforms, Inc. et al.*, No. 3:22-cv-00411 (M.D. Tenn. Aug. 8, 2022), ECF No. 22 (same); Order, *Roth v. Meta Platforms, Inc., et al.*, No. 1:22-cv-02968 (N.D. Ill. Aug. 9, 2022), ECF No. 18 (same); Order, *Estevanott v. Meta Platforms, Inc. et al.*, No. 6:22-cv-3149 (W.D. Mo. Aug. 9, 2022), ECF No. 17 (same); Order, *Harris v. Meta Platforms, Inc. et al.*, No. 3:22-cv-01420 (D. Colo. Aug. 9, 2022), ECF No. 22 (same); Order, *White v. Meta Platforms, Inc. et al.*, No. 5:22-cv-00189 (E.D. Ky. Aug. 10, 2022), ECF No. 18 (same); Order, *Camacho v. Meta Platforms, Inc. et al.*, No. 4:22-cv-01815 (S.D. Tex. Aug. 11, 2022), ECF No. 27 (same); Order, *Isaacs v. Meta Platforms, Inc. et al.*, No. 1:22-cv-03883 (N.D. Ill. Aug. 11, 2022), ECF No. 19 (same); Order, *C.N. et al. v. Meta Platforms, Inc.*, No. 4:22-cv-4283 (N.D. Cal. Aug. 15, 2022), ECF No. 19 (same); Order, *Martin v. Meta Platforms, Inc.*, No. 3:22-cv-04286 (N.D. Cal. Aug. 15, 2022), ECF No. 17 (same); Order, *Seekford v. Meta Platforms, Inc. et al.*, No. 4:22-cv-03883 (N.D. Cal. Aug. 15, 2022), ECF No. 18 (same); Order, *Craig v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00087 (W.D. Ky. Aug. 17, 2022), ECF No. 21 (same); Order, *Ely v. Meta Platforms, Inc.*

*et al.*, No. 1:22-cv-00268 (S.D. Ala. Aug. 17, 2022), ECF No. 16 (same); Order, *Dorsey v. Meta Platforms, Inc. et al.*, No. 1:22-cv-01873 (D. Md. Aug. 19, 2022), ECF No. 16 (same).

7. Here, this litigation is in its very early stages. Plaintiff filed the Complaint on August 10, 2022. Meta's responsive pleading is currently due on October 14, 2022.

8. Good cause exists to issue a stay because the case ultimately may be transferred to another court. Therefore, a stay pending the MDL Panel's decision would avoid the possibility of duplicative litigation and therefore serve the interests of judicial economy and efficiency.

9. The Parties agree that if this case is not transferred under Section 1407, the Defendants shall have 30 days from the date of the MDL Panel's decision to file its response to the Complaint.

10. All Parties respectfully reserve all other rights, including but not limited to with respect to any position taken by the Parties before the MDL Panel, Plaintiffs' ability to dismiss their claims against Defendants during the pendency of the stay, and Defendants' ability to object to issues related to service and/or jurisdiction.

Wherefore, for the foregoing reasons and good cause shown, the Parties respectfully request that this Court stay all deadlines in this case pending a decision from the MDL Panel. The Parties

further move that, if this case is not transferred under Section 1407, the Defendants shall have 30 days from the date of the MDL Panel's decision to file its response to the Complaint.

Dated: August 29, 2022

Respectfully submitted,

MORGAN & MORGAN

By: */s/ Eve Elsen*
Eve Elsen
603 Stanwix Street, Suite 1825
Pittsburgh, PA 15222
Telephone: 215-446-0003
Email: eelsen@forthepeople.com

Emily Jeffcott (to be admitted *pro hac vice*)
220 W. Garden Street 9th Floor
Pensacola, FL 32502
Telephone: 850-316-9100
Email: ejeffcott@forthepeople.com

Narmeen Nkeiti (to be admitted *pro hac vice*)
20 N. Orange Ave. Suite 1600
Orlando, FL 32801
Telephone: 407-241-3825
Email: nnkeiti@forthepeople.com

*Attorneys for Plaintiff*

SHOOK, HARDY & BACON L.L.P.

By: *Joseph H. Blum*
Joseph H. Blum, Esquire
Two Commerce Square
2001 Market Street, Suite 3000
Philadelphia, PA 19103
Telephone: 215-278-2555
Facsimile: 215-278-2594
jblum@shb.com

*Attorneys for Defendants*